IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

E. C., JR., a minor,
by and through his natural
mother Audrey Chatman, and
AUDREY CHATMAN                                                          PLAINTIFFS

v.                                              CAUSE NO. 1:11CV395-LG-JMR

MISSISSIPPI HIGH SCHOOL
ATHLETICS ASSOCIATION;
GULFPORT SCHOOL DISTRICT;
HOWARD McNEILL;
SAINT STANISLAUS COLLEGE;
and STACE MCRANEY                                                       DEFENDANTS

## MEMORANDUM OPINION AND ORDER CONCERNING
## DEFENDANTS' SEPARATE MOTIONS TO DISMISS

**BEFORE THE COURT** are the Motion to Dismiss [9] filed by Stace McRaney and Saint Stanislaus College, the Motion to Dismiss [19] filed by Mississippi High School Athletics Association (MHSAA), and the Motion to Dismiss[1] [27] filed by Gulfport School District and Howard McNeill. The plaintiffs, E. C., Jr.,[2] and Audrey Chatman, have filed responses in opposition to the Motions, and

---

[1] The Motion to Dismiss filed by Gulfport School District and McNeill should actually be classified as a Fed. R. Civ. P. 12(c) Motion for Judgment on the Pleadings, since these defendants filed an Answer to the Complaint. However, the title of the Motion does not affect this Court's analysis since motions for judgment on the pleadings are evaluated using the same standards as motions to dismiss filed pursuant to Fed. R. Civ. P. 12(b)(6). *See Gentilello v. Rege,* 627 F.3d 540, 543-44 (5th Cir. 2010).

[2] E.C. is a minor, and therefore, the Court will abbreviate his name in this Memorandum Opinion and Order in accordance with Section 9 of the Administrative Procedures for Electronic Case Filing adopted by this Court. Furthermore, counsel for the parties are instructed to comply with Section 9 in all future pleadings electronically filed with this Court.

all of the defendants except for Gulfport School District and Howard McNeill have filed replies. Upon reviewing the submissions of the parties and the applicable law, the Court finds that the Motion to Dismiss filed by Stace McRaney and Saint Stanislaus should be granted. The Court further finds that the Motions filed by MHSAA, Gulfport School District, and Howard McNeill should be granted as to the claims filed by Audrey Chatman individually, and the due process claims filed by E.C., but denied in all other respects.

## FACTS

During the 2010 through 2011 school year, E.C. was enrolled in the Gulfport School District and attended Gulfport High School. (Compl. 3, ECF No. 1). While at Gulfport High, he excelled at football, and he claims that the sport is an "integral part of his educational experience" due to the fact that he suffers from attention deficit disorder. (*Id.* at 5). He alleges that he needs physical activity to stimulate his mind. (*Id.*) He transferred to Saint Stanislaus for the 2011 through 2012 school year, because his mother believed that he would receive a better academic and religious education at Saint Stanislaus, and he is able to participate in an Academic Assistance Program there that was not available at Gulfport. (*Id.* at 6). After his transfer, E.C. was not permitted to play football or participate in other athletic and academic activities at Saint Stanislaus for one school year. (*Id.* at 9-10). He and his mother filed this lawsuit against Gulfport School District, Saint Stanislaus, the Gulfport and Saint Stanislaus athletic directors, and MHSAA. They claim that two Caucasian students who also transferred from Gulfport to Saint Stanislaus were

not required to sit out for one year. (*Id.* at 12). E.C. claims that he was required to sit out, because he is African-American. (*Id.* at 12-13). E.C. and his mother seek nominal, actual, compensatory and punitive damages, and they ask the Court to declare parts of the MHSAA handbook void. (*Id.* at 4, 17).

According to E.C.'s Complaint, both Gulfport and Saint Stanislaus are members of the MHSAA, and both schools signed a contract with MHSAA in which they agreed to follow its rules and guidelines. (*Id.* at 6). E.C. claims that he is a third party beneficiary to that contract, due to language in the MHSAA mission statement, handbook, and Official's Handbook. (*Id.* at 7).

E.C. describes the involvement of each of the defendants in classifying him as ineligible as follows:

> 46. In handling [E.C.]'s release Defendant McNeill, an athletic director employed by GSD when [E.C.] requested a transfer, did not release [E.C.] to participate in interscholastic sports at St. Stanislaus. Defendant McNeill also recommended against the release to St. Stanislaus.
> 47. Shortly after Mrs. Chatman transferred [E.C.] from Gulfport High School to St. Stanislaus College, she was informed by Mr. Stace McRaney, St. Stanislaus' athletic director, that the MHSAA had found Eric to be ineligible to participate in the sports programs offered by St. Stanislaus.
> . . . .
> 48. The MHSAA's decision not to release [E.C.] was based, in part, on the information it received from Defendants McNeill, GSD and St. Stanislaus. Such information included Plaintiff's race.

(*Id.* at 9-10.) E.C.'s mother asked McRaney to appeal the MHSAA decision, and he refused. (*Id.* at 11). The plaintiffs also state:

> St. Stanislaus refuses to let [E.C] play football because it has agreed

> with MHSAA that it will acquiesce to the MHSAA's determinations of eligibility. Further, [E.C.] cannot play football because the GSD refused to release [E.C.] athletically because it has agreed with MHSAA that it will acquiesce to the MHSAA's determinations of eligibility. Thus, through the joint action of the MHSAA, GSD and St. Stanislaus, [E.C.] is prohibited from playing football for the 2011-12 academic year (as well as participating in numerous other athletic and academic activities).

*Id.* at 11-12. The plaintiffs acknowledge that the MHSAA handbook provides, "Any pupil who enters grade 9 in a member public junior high school or grade 10 or above in a member public high school and then transfers to a member private or parochial high school shall be ineligible for a period of one year." (*Id.* at 10).

## DISCUSSION

### I. Standards of Review for Motions to Dismiss

In order to survive a motion to dismiss filed pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

> To satisfy this standard, the complaint must provide more than conclusions, but it need not contain detailed factual allegations. Yet, it must allege enough facts to move the claim across the line from conceivable to plausible. Determining whether the plausibility standard has been met is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.

*Turner*, 663 F.3d at 775 (internal quotation marks and citations omitted). The reviewing court must construe the facts in the light most favorable to the nonmoving party, because motions to dismiss are viewed with disfavor and rarely

granted. *Id.*

## II. The Claims of Audrey Chatman, Individually

In their responses to the Motions to Dismiss, the plaintiffs do not dispute that there are no facts in the Complaint that would provide Audrey Chatman, individually, with a plausible claim for relief. As a result, the Court finds that her individual claims should be dismissed without prejudice.

## III. Standing

MHSAA argues that E.C. does not have standing to appeal the MHSAA's decision regarding his eligibility, because he was not a third party beneficiary of the contract between MHSAA and the schools at issue. However, E.C.'s claims do not arise out of the MHSAA contract; rather they arise out of the United States Constitution and federal law.[3] Furthermore, E.C. does not, as far as the Court can gather, ask the Court to overturn the decision that he was ineligible to play football. (*See* Compl. 17-18, ECF No. 1). He merely asks the Court to hold that part of the MHSAA handbook is unconstitutional, and he asks the Court to hold that the defendants' decisions were discriminatory and in violation of his rights. (*See id.*) He seeks monetary damages but no injunctive relief as a result of these alleged

---

[3] The Court recognizes that E.C. claims that he is a third-party beneficiary of the contract in his Complaint and he asserts arguments concerning an alleged contract claim in his responses, but E.C. has not asserted a breach of contract claim against any of the defendants, nor is he seeking enforcement of the contract. Moreover, he does not assert a contract claim pursuant to 42 U.S.C. § 1981. In his Complaint, he clearly states that his Section 1981 claim arises out of the equal benefits clause of that statute. (Compl. 16, ECF No. 1).

acts. (*Id.*)  Therefore, MHSAA's arguments in this regard are without merit.

## IV.  E.C.'s Procedural and Substantive Due Process Claims

The Fifth Circuit has held:

> The due process clause of the fourteenth amendment extends constitutional protection to those fundamental aspects of life, liberty, and property that rise to the level of a legitimate claim of entitlement but does not protect lesser interests or mere expectations.  A student's interest in participating in a single year of interscholastic athletics amounts to a mere expectation rather than a constitutionally protected claim of entitlement.  As decided in *Mitchell*, it falls outside the protection of due process.

*Walsh v. La. High Sch. Athletic Assoc.*, 616 F.2d 152, 159-60 (5th Cir. 1980) (discussing *Mitchell v. La. High Sch. Athletic Assoc.*, 430 F.2d 1155 (5th Cir. 1970)).

Nevertheless, E.C. attempts to argue that he has a due process claim, because he claims that football is an integral part of his education due to his ADHD, and he also claims that his participation in football is a liberty interest.  However, the Fifth Circuit specifically held in *Walsh* that a student's property interest in receiving an education does not extend to all integral parts of the educational process, such as athletics.  *Walsh*, 430 F.2d at 159.  Furthermore, the Fifth Circuit precedent on the subject has left no room for a lower court to hold that participation in sports is a liberty interest, since it has held that participation in athletics falls completely outside the protection of due process.  *Id.* at 159-60; *see also Hardy v. Univ. Interscholastic League*, 759 F.2d 1233, 1234 (5th Cir. 1985) ("Participation in interscholastic athletics is not an 'interest' protected by the Due Process Clause.")  The Fifth Circuit in *Hardy* explained:

> We repeat: we are not super referees over high school athletic programs. Questions about eligibility for competition may loom large in the eyes of youths, even their parents. We do not disparage their interest in concluding, as here, that these issues are not of constitutional magnitude. Behind this observation rest important values of federalism and the reality that the mighty force of the constitutional commands ought not to be so trivialized.

*Hardy*, 759 F.2d at 1235. This Court is bound by Fifth Circuit precedent and must dismiss E.C.'s due process claims against all of the defendants.

## V. E.C.'s Equal Protection Claim

The Equal Protection Clause of the Fourteenth Amendment provides that no State shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, §1. This is essentially a requirement that all persons similarly situated should be treated alike. *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). To demonstrate a violation of the Equal Protection Clause, a plaintiff must prove that the defendants' actions had a discriminatory effect and were motivated by a discriminatory purpose. *Pers. Adm'r of Mass. v. Feene*, 442 U.S. 256, 272-74 (1979); *Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 264-66 (1977); *Washington v. Davis*, 426 U.S. 229, 239-42 (1976). "Discriminatory purpose . . . implies more than intent as volition or intent as awareness of consequences. It implies that the decisionmaker . . . selected or reaffirmed a particular course of action at least in part *because of*, not merely in spite of its adverse effects upon an identifiable group." *Feeney*, 442 U.S. at 279.

If a claim does not involve a suspect class or a fundamental right, courts

review state action using a rational basis test. *Delahoussaye v. City of New Iberia*, 937 F.2d 144, 149 (5th Cir. 1991). However, racial classifications must be subjected to strict scrutiny. *Lewis v. Ascension Parish Sch. Bd.*, 662 F.3d 343, 348 (5th Cir. 2011). Strict scrutiny review places the burden on the defendant to prove that its actions are narrowly tailored to achieve a compelling government interest. *Id.*

**A. Saint Stanislaus and Stace McRaney**

E.C. has not alleged that Saint Stanislaus and McRaney treated Caucasian transferring students differently from African-American transferring students. E.C. only alleges that Saint Stanislaus and McRaney refused to appeal E.C.'s ineligibility and abided by the contract it entered with MHSAA. There is no allegation that these defendants filed appeals on behalf of the Cauasian students or refused to abide by the MHSAA's decision with regard to the Caucasian students. As a result, E.C. has not stated a plausible equal protection claim against Saint Stanislaus and McRaney, and those claims must be dismissed.

**B. MHSAA**

MHSAA argues that E.C. does not have an equal protection claim against it pursuant to the Fifth Circuit decisions in *Walsh* and *Mitchell*. In *Walsh*, the Court held that the classification of students created by a rule that designated transferring students ineligible to compete in sports for one year was "rationally related to the state's valid and legitimate interest in deterring or eliminating the recruitment of promising young athletes by overzealous coaches, fans, and faculty members." *Walsh*, 616 F.2d at 160. Therefore, the Court held that the transfer rule

did not violate the equal protection clause. *Id.*

In *Mitchell*, the Court held that a rule that prevented students who had repeated a grade for reasons other than failure from participating in sports during their senior year did not violate the students' right to equal protection. *Mitchell*, 430 F.2d at 1158. The Court noted that the classification created by the rule was not inherently suspect, nor was it an encroachment on a fundamental right. *Id.*

Importantly, neither the *Mitchell* decision nor the *Walsh* decision pertained to an alleged classification based on race. In E.C.'s Complaint, he alleges that Caucasian students were treated more favorably than he was under the transfer rule due to their race. Thus, while the facts alleged in *Walsh* and *Mitchell* required only a rational basis inquiry, the facts alleged by E.C., assuming that those facts are true, require strict scrutiny. Furthermore, MHSAA's apparent argument that the due process analysis contained in the *Walsh* and *Mitchell* decisions supports dismissal of E.C.'s claims is also without merit. The right to due process and the right to equal protection are separate rights, and claims based on those rights were dismissed on separate grounds by the Fifth Circuit in those cases. As a result, the Court finds that E.C. has stated a plausible claim for denial of his right to equal protection against MHSAA.

**C. Gulfport School District and Howard McNeill**

Gulfport and McNeill make the same arguments regarding *Walsh* and *Mitchell* that were made by MHSAA and rejected by this Court. In the alternative,

they argue that it cannot be contested that MHSAA, not Gulfport and McNeill, made the eligibility determination. However, in his Complaint, E.C. asserts that Gulfport, McNeill, and MHSAA refused to release him to play football at Saint Stanislaus, but chose to release two Caucasian students who were similarly situated. (Compl. 9, 12, ECF No. 1). E.C. also states that McNeill recommended that he not be released. (*Id.* at 9). When reviewing the defendants' Motions to Dismiss, this Court must accept E.C.'s allegations as true. The arguments made by Gulfport and McNeill would be better suited for a motion for summary judgment. At this time, the Court finds that E.C. has a plausible claim for denial of equal protection against Gulfport and McNeill.

## VI. E.C.'s 42 U.S.C. § 1981 Claim

42 U.S.C. §1981 provides:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

The Fifth Circuit has held that "Section 1981 does not provide a general cause of action for race discrimination. Rather, it prohibits intentional race discrimination with respect to certain enumerated activities." *Arguello v. Conoco*, 330 F.3d 355, 358 (5th Cir. 2003).

A plaintiff may prove a discrimination claim pursuant to Section 1981 with either direct or circumstantial evidence. *Dunaway v. Cowboys Nightlife, Inc.*, No.

10-30663, 436 F. App'x 386, 390 (5th Cir. Aug. 12, 2011). If there is no direct evidence of discriminatory intent, the case will be analyzed under the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Id.* Under this framework, the plaintiff must first create a presumption of intentional discrimination by establishing a prima facie case. *Id.* To establish a prima facie case of discrimination under Section 1981, a plaintiff must first establish that (1) he is a member of a racial minority; (2) the defendant had an intent to discriminate on the basis of race; and (3) the discrimination concerned one or more of the activities enumerated in the statute. *Id.*

If the plaintiff presents a prima facie case, the burden shifts to the defendant to provide a "legitimate, nondiscriminatory reason for its allegedly discriminatory action." *Id.* If the defendant offers such a justification, the burden again shifts to the plaintiff to show that the defendant's proffered reason is pretext for discrimination. *Id.*

### A. Saint Stanislaus and Stace McRaney

As explained previously, E.C. has not alleged any discriminatory conduct on the part of Saint Stanislaus and McRaney. Specifically, he does not allege that these defendants treated him any differently than the Caucasian students. Therefore, E.C. does not have a plausible claim pursuant to Section 1981 against Saint Stanislaus and McRaney.

### B. MHSAA, Gulfport School District, and Howard McNeill

The defendants argue that, pursuant to *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470 (2006), E.C.'s Section 1981 claim must be dismissed, because his claim is not based on a contractual relationship under which he has rights. However, the *Domino's* case related solely to a contract claim made pursuant to Section 1981. *See Domino's*, 546 U.S. at 475-76. E.C.'s Section 1981 claim is made pursuant to the equal benefits clause of the statute. Therefore, the *Domino's* case is distinguishable. *See Mazloum v. D.C. Metro. Police Dep't*, 522 F. Supp. 2d 24, 38-39 (D.D.C. 2007) (holding that the *Domino's* decision only pertained to the contract clause of the statute and that a plaintiff asserting an equal benefits clause claim need not rely on a contractual relationship). Therefore, the defendants' arguments in this regard are without merit.

MHSAA also argues that there is no evidence or allegation that MHSAA knew he was African-American when a decision was made concerning his eligibility. This statement is incorrect. E.C. specifically alleges: "The MHSAA's decision not to release [E.C.] was based, in part, on the information it received from Defendants McNeill, GSD and St. Stanislaus. Such information included Plaintiff's race." (Compl. 10, ECF No. 1). Once again, this Court must accept E.C.'s allegations as true. MHSAA's argument that there is no evidence that it knew E.C. was African-American should be presented in a motion for a summary judgment, not a motion to dismiss. The Court finds that E.C. has stated a plausible claim pursuant to Section 1981 against MHSAA.

## VII. E.C.'s 42 U.S.C. § 1985(3) Claim

### A. Saint Stanislaus and Stace McRaney

Section 1985 provides a cause of action for civil rights conspiracies that deprive a person or class of persons of the equal protection of the laws or of equal privileges and immunities under the laws. 42 U.S.C. §1985. The Supreme Court has made it clear that a violation of Section 1985(3) requires "[s]ome racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Griffin v. Breckinridge*, 403 U.S. 88, 102 (1983). As this Court has previously held, E.C. has not alleged that Saint Stanislaus and McRaney treated him differently than others due to his race. He alleges that these defendants abided by the MHSAA decision with regard to the decision concerning his eligibility as well as the eligibility concerning the Caucasian students, and these defendants did not file an appeal for any of the students. Therefore, E.C. does not have a plausible claim against these defendants pursuant to Section 1985(3).

### B. MHSAA, Gulfport School District, and Howard McNeill

MHSAA, Gulfport, and McNeill did not discuss E.C.'s Section 1985 claim in their Motions or Memoranda. Therefore, this claim remains pending against these defendants.

## VIII. Request for Permission to Amend Complaint

The plaintiffs request permission to amend their Complaint should the Court grant the defendants' Motions to Dismiss. Since it is very likely that amendment of the Complaint may be futile and since many of E.C.'s claims were not dismissed,

the Court will not permit the plaintiffs to amend the Complaint at this time but will permit them to file a separate motion to amend along with a proposed amended complaint if they determine that such a motion is warranted.

## CONCLUSION

For the reasons stated in the foregoing opinion, the Court finds that the claims of Audrey Chatman should be dismissed without prejudice. The Court further finds that E.C.'s due process claims should be dismissed without prejudice as to all defendants. Finally, the Court finds that all of his claims against Saint Stanislaus and McRaney should be dismissed without prejudice.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Motion to Dismiss [9] filed by Stace McRaney and Saint Stanislaus College should be **GRANTED**. All of the claims asserted against Saint Stanislaus and McRaney in this lawsuit are hereby **DISMISSED WITHOUT PREJUDICE**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that the Motion to Dismiss [19] filed by Mississippi High School Athletics Association and the Motion to Dismiss [27] filed by Gulfport School District and Howard McNeill are **GRANTED** as to the individual claims of Audrey Chatman and E.C.'s due process claims and **DENIED** in all other respects.

**SO ORDERED AND ADJUDGED** this the 16th day of April, 2012.

s/ *Louis Guirola, Jr.*
Louis Guirola, Jr.
Chief United States District Judge